IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAWN MARIE PRINCE, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:16-CV-1138-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 filed by petitioner, Dawn Marie Prince, a federal prisoner confined at FMC-Carswell in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## **I. BACKGROUND**

This case involves the Initiative on Executive Clemency (IEC) for federal prisoners and Deferred Action for Parents of American and Lawful Permanent Residents (DAPA).

## **II. ISSUES**

Petitioner claims that the President and the Department of Justice (DOJ) have exercised presidential clemency power and executive action in violation of the United States Constitution and federal regulations. Pet. 1, ECF No. 1. Specifically, Petitioner asserts that the President and the DOJ, in violation of her rights to due process and equal treatment under the law, have denied meaningful access to a fair clemency process based on the new limiting criteria for the IEC and have administered the new criteria in a discriminatory manner by rendering clemency recommendations and granting clemency to inmates who do not meet their "set criteria," by granting clemency to more

men than women, and by discriminating against inmates convicted of white-collar and other non-violent offenses. *Id.* at 3; Am. Pet. 4, ECF No. 9. She also claims that the IEC made it more difficult for her to qualify, apply, and receive a recommendation for clemency in violation of the ex post facto clause. Am. Pet. 3, ECF No. 9. Finally, she claims that Deferred Action for Parents of American and Lawful Permanent Residents ("DAPA) violates her right to equal treatment under the law by granting illegal aliens various privileges, such as amnesty and deferred prosecution, while maintaining her imprisonment and subjecting her to collateral consequences upon her release that do not apply to DAPA beneficiaries. Pet. at 3-5, ECF No. 1. She seeks declaratory relief, release from custody or a reduction in her sentence, and expungement of her criminal conviction(s). *Id.* at 5; Am. Pet. 5, ECF No. 9.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's clemency claims in the context of a habeas petition under § 2241. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. According to Petitioner, "the new clemency regulations set by the Obama Administration, IEC, as posted nationwide in every prison . . . [represent] a substantive rule change which required the [DOJ] to comply with 5 U.S.C. §§ 551, 553, the 'notice and comment' requirement" of the APA. Am. Pet. 2, ECF No. 9. The Court finds no support for this argument. The APA establishes the procedures federal administrative agencies use for "rule making," defined as the process of "formulating, amending, or repealing a rule." 5 U.S.C. § 551(5). Notice-and-comment requirements of the APA apply only to so-called "legislative" or "substantive" rules, which have the

2

"force and effect of law"; they do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice," which do not. *Id.* § 553(b); *Shalala v. Guernsey Mem'l Hosp.,* 514 U.S. 87, 99 (1995); *Chrysler Corp. v. Brown,* 441 U.S. 281, 302-303 (1979). Clearly, the IEC and the criteria set out therein are not legislative or substantive rules with the force and effect of law. The regulations that do affect clemency are found at 26 C.F.R. §§ 1.0-1.11 and are not binding on the president. 26 C.F.R. § 1.11. Therefore, Petitioner cannot establish that judicial review under the APA is appropriate for her clemency claims. Although the DOJ is an "agency" within the meaning of the APA, "[f]ederal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but absolute." *Spinkellink v. Wainwright,* 578 F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). Thus, the president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria.

Furthermore, even assuming the claims were properly presented under § 2241, to obtain federal habeas relief, Petitioner must show that she is being held in "violation of the Constitution, or laws, or treaties of the United States." 26 U.S.C. § 2241(c)(3). Petitioner cannot make such a showing as she has no statutory or constitutional right to clemency or clemency proceedings. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). *See also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979) (providing "[d]ecisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations."). Because she has no such right, she is not entitled to due

process or equal protection in connection with the procedures by which a petition for clemency is considered or a clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Petitioner's ex post facto argument is equally frivolous. She asserts that retroactive application of the IEC's new criteria, which make it more difficult for her to qualify, apply, and receive presidential clemency, violate ex post facto principles by applying laws that were not in effect at the time she committed the offense. Am. Pet. 3, ECF No. 9. However, the new criteria did not result in increased punishment retroactively for Petitioner. As there is no "risk of increasing the measure of punishment attached to" Petitioner's crime(s) as a result of the new criteria, their application to her does not violate the ex post facto clause, if it applies at all.[1] *See Garner v. Jones,* 529 U.S. 244, 250 (2000).

Lastly, Petitioner's claim under DAPA lacks merit. Petitioner fails to establish how a ruling in her favor as to this claim would result in her immediate release or a reduction of her sentence. Moreover, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States,* 609 F.3d 134 (5th Cir. 2015), *aff'd,* 136 S. Ct. 2271 (2016).

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 3rd day of January, 2018.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1]Petitioner's pleadings do not indicate the date or the offense(s) for which she was convicted and is confined.